IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO SERRANO-PEREZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:22-CV-076-A |
| | § | (NO. 4:19-CR-077-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Antonio Serrano-Perez, movant, to vacate, set aside, or correct sentence by a person in federal custody under 28 U.S.C. § 2255. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On March 20, 2019, movant was named in a one-count indictment charging him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). CR Doc.¹ 1. He

---

¹ The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-077-A.

initially entered a plea of not guilty. CR Doc. 10. Thereafter, movant retained Francisco Hernandez, Jr. ("Hernandez") to represent him. CR Doc. 14. The court allowed Hernandez to be substituted for the Federal Public Defender ("FPD"), who had been appointed to represent movant. CR Doc. 17.

On May 3, 2019, movant appeared before the court with Hernandez with the intent to enter a plea of guilty without benefit of a written plea agreement. CR Doc. 21. Movant and Hernandez signed a factual resume setting forth the maximum penalties faced by movant, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 22. Movant testified under oath at re-arraignment that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with Hernandez how the sentencing guidelines might apply in his case; the court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment could be ten years; he understood the elements of the offense and he admitted that all of them existed; he had

read and understood the indictment; he had read and understood the factual resume and understood everything in it; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 57.

The probation officer prepared the PSR, which reflected that movant's adjusted offense level was 30. CR Doc. 25, ¶ 19. He received a two-level and a one-level adjustment for acceptance of responsibility. Id. ¶¶ 21, 22. Based on a total offense level of 27 and a criminal history category of VI, movant's guideline imprisonment range was 130 to 162 months. However, the statutorily authorized maximum sentence was ten years; therefore, the guideline term of imprisonment became 120 months. Id. ¶ 73. Movant filed objections, CR Doc. 48, and the probation officer prepared an addendum to the PSR. CR Doc. 28. Movant sent a letter complaining about Hernandez and the court ordered the two to meet and Hernandez to file a report of their meeting. CR Doc. 30. Hernandez filed the report. CR Doc. 31. He also filed a motion for leave to file supplemental objections to the PSR, CR Doc. 33, which the court granted. CR Doc. 34. The supplemental objections were filed, CR Doc. 49, and the probation officer prepared a second addendum to the PSR. CR Doc. 40.

Hernandez filed a motion to withdraw. CR Doc. 35. The court appointed the FPD to represent movant at a hearing on the motion to withdraw. CR Doc. 36. After hearing, the court allowed Hernandez to withdraw and substituted the FPD as counsel for movant. CR Docs. 42, 43.

The court sentenced movant to a term of imprisonment of 120 months. CR Doc. 46. Movant appealed, CR Doc. 51, and his sentenced was affirmed. United States v. Serrano-Perez, 830 F. App'x 457 (5th Cir. 2020). His petition for writ of certiorari was denied. Serrano-Perez v. United States, 141 S. Ct. 2743 (2021).

II.

Grounds of the Motion

Movant asserts seven grounds in support of his motion. He alleges that Hernandez provided ineffective assistance of counsel by: promising that the maximum sentence he would receive was 24 months; repeatedly telling movant that unless he was charged with a specific crime and deported for that crime, he could not "be held accountable for that in regards to aggravated felonies"; failing to investigate; failing to review the PSR with movant; failing to negotiate a fair plea bargain; and, failing to ask for a continuance to see if Almendarez-Torres v.

4

United States, 523 U.S. 224 (1998), would be overturned. Doc.[2] 1 at 2-6. In addition, movant alleges that the court erred in denying the FPD's motion for continuance. Id. at 4-5. He also alleges that the prosecutor committed misconduct by not including movant's convictions in the indictment. Id. at 7-8.

III.

Applicable Legal Standards

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not

---

[2] The "Doc.___" reference is to the number of the item on the docket in this civil action.

have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).

"The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant's first and second grounds allege that his counsel was ineffective in misleading him about the type of sentence he would receive. He says that Hernandez promised him a 24-month sentence and that he could not be held accountable for certain conduct.

Any contention that movant did not know what sentence he faced or that his plea was not knowing and voluntary is belied

7

by the record. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). His factual resume is likewise entitled to the presumption. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed

to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the re-arraignment hearing.

Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against the defendant are waived. United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008). A guilty plea waives pre-plea ineffective assistance of counsel unless the movant can show that he would not have pleaded guilty but for counsel's deficient performance and that he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Cavitt, 550 F.3d at 441. Thus, the allegation that Hernandez should have negotiated a better deal is insufficient. A defendant has no right to be offered a plea agreement in any event. Lafler v. Cooper, 566 U.S. 156, 168 (2012). Moreover, as the record reflects, movant received the benefit of the statutory cap set by the charge against him, as his guideline range would have been much higher. Doc. 25, ¶ 73. As for the claim of failure to investigate, movant does not provide any specificity as to what an investigation would have disclosed and how it would have changed the outcome of the proceedings. Gardner v. Davis, 779 F. App'x 187, 193 (5th Cir. 2019)(citing Miller v. Dretke, 420 F.3d 356, 361 (5th Cir. 2005)).

As for the allegation that Hernandez failed to review the PSR with movant, the record reflects the contrary. Movant was specifically cautioned at re-arraignment of the need to make certain that the PSR be complete and accurate. Hernandez filed objections and supplemental objections at movant's behest. The subject of objections to the PSR was discussed at the hearing on Hernandez's motion to withdraw. CR Doc. 61. The court concluded that Hernandez had done what he could do. Id. at 13-14. At sentencing, the FPD represented that he had reviewed the PSR and addenda with movant and movant agreed. CR Doc. 58. Movant has made no attempt to show that he was harmed by any alleged failure to communicate. Nor has he shown that he had any legitimate objections that were not made. His conclusory allegations are insufficient to show ineffective assistance. Miller, 200 F.3d at 282.

Movant alleges that "counsel was negligent" in failing to seek a continuance to wait and see what the Supreme Court would do in regard to a circuit split over Almendarez-Torres, but he fails to show how he was injured as a result. The Supreme Court denied his petition seeking to overturn Almendarez-Torres. Movant has not shown what more his counsel should or could have done.

To the extent movant complains about the denial of a motion for continuance by the FPD, the record shows that no such motion was filed. Even if it had been, denial of such a motion would have been a ground for appeal and not one that can be pursued here. Shaid, 937 F.2d at 231-32.

Finally, the allegation that the prosecutor committed misconduct by not alleging movant's prior convictions in the indictment is procedurally barred and meritless. The ground is barred because it should have been raised on appeal and movant has failed to show cause and prejudice for the failure to do so. Shaid, 937 F.2d at 231-32. In any event, movant's argument challenging the imposition of a sentence longer than two years for a violation of § 1326 was foreclosed by Almendarez-Torres. Serrano-Perez, 830 F. App'x at 457. The argument that the prosecutor should have alleged the facts supporting subsection (b)(1) enhancement in the indictment is nonsensical in any event. As the Fifth Circuit has pointed out, no defendant would realistically want the issue of his criminal record placed before the jury. United States v. Pineda-Arrellano, 492 F.3d 624, 625-26 (5th Cir. 2007).

11

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 25, 2022.

_____
JOHN McBRYDE
Senior United States District Judge